IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES HEAD | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-22-00566 |
| CAPTAIN R. RAKOWSKI, JR., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHARLES HEAD | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-23-02973 |
| UNITED STATES OF AMERICA, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending before the Court is the parties' Joint Motion to Consolidate Cases, which requests that the Court consolidate two actions in this District—Civ. No. JKB-22-00566 and Civ. No. JKB-23-02973[1]—with Civ. No. 22-00566 as the lead case. (Civ. No. 22-0566, ECF No. 76; Civ. No. 23-02973, ECF No. 41.) Both actions involve Plaintiff Charles Head's allegations of misconduct committed by Captain R. Rakowski, Jr. while Plaintiff was incarcerated at FCI Cumberland in 2022. The parties contend that consolidation "will promote judicial economy and allow the parties to litigate this matter simultaneously before the same judge, rather than

---

[1] Civ. No. 23-02973 was formerly assigned to Judge Abelson but has been reassigned to the undersigned in preparation for consolidation.

piecemeal." (Civ. No. 22-0566, ECF No. 76 at 5; Civ. No. 23-02973, ECF No. 41.)

Under Rule 42(a), the Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate lies within the discretion of the district court. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018). In the exercise of that discretion, the Court considers

> "whether the specific risks of prejudice and possible confusion" from consolidation "were overborne by the risk of inconsistent adjudications, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id.* (cleaned up) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Upon consideration of these factors, the Court concludes that consolidation is warranted. The two actions involve overlapping parties, factual allegations, and causes of action, and there is little to no risk of prejudice or confusion, especially given the parties' joint preference for consolidation. As the earlier-filed action, Civ. No. 22-00566 shall be the lead case. *See CX Reinsurance Co. v. Johnson*, Civ. No. GJH-18-2355, 2019 WL 1861346, at *2 (D. Md. Apr. 25, 2019) ("Under this Court's protocols, the lead case will be the first of the consolidated cases filed.").

There are some practical difficulties associated with consolidation that will need to be addressed, however. There are now two different operative complaints (Civ. No. 22-00566, ECF No. 17; Civ. No. 23-02973, ECF No. 19), and the Government has filed dispositive motions directed to each (Civ. No. 22-00566, ECF No. 69; Civ. No. 23-02973, ECF No. 22). The briefing relating to these dispositive motions has proceeded down parallel tracks in each case, and in the latter-filed case there are also pending motions to seal and for leave to file a surreply (Civ. No. 23-02973, ECF Nos. 25, 38).

In federal litigation, a plaintiff can only ever have one operative complaint at a time. *See, e.g., Eisele v. UC San Diego*, Civ. No. 23-6168-DMG (AS), 2023 WL 6908710, at *1 (C.D. Ca. Sept. 21, 2023); *Phoenix Ent. Partners, LLC v. Jellyfish, LLC*, Civ. No. 3:17-929/MCR/GRJ, 2018 WL 10517181, at *2 (N.D. Fla. Apr. 12, 2018); *Boclair v. Baldwin*, Civ. No. 17-1422, 2017 WL 6813694, at *2 (N.D. Ill. Apr. 28, 2017); *cf. Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint of no effect." (internal quotation marks and citation omitted)). Thus, before this case can proceed further, a single, operative complaint must be identified.

In the Court's view, the most efficient way to facilitate the efficient and just resolution of this consolidated action is to dismiss all pending motions without prejudice, vacate all dates and deadlines previously set in either case, and direct Plaintiff to file a new amended complaint that covers all allegations and claims from either case that Plaintiff wishes to continue pursuing. The Court will limit the scope of any new amended pleading to facts alleged in at least one of the operative complaints across the two cases. (ECF No. 17, Civ. No. 22-00566; ECF No. 19, Civ. No. 23-02973). After that new amended complaint is filed, the Government will be permitted to file an appropriate dispositive motion against it.

The Court recognizes that the approach it is contemplating today will lead to some delay and some duplicative work for counsel, who have already devoted considerable time and resources to litigating this matter. However, the Court is not aware of any more efficient alternative approach. Moreover, the delay engendered by re-filing the pleadings and dispositive motions is not likely to be more than one or two months. And counsel can freely copy the language they have already used from the briefing on the pending dispositive motions for the anticipated new round

of briefing, so the amount of new substantive work should be minimal. The parties will be afforded an opportunity to object to this plan.

Accordingly, it is ORDERED that:

1. The Joint Motion to Consolidate Cases (Civ. No. JKB-22-00566, ECF No. 76; Civ. No. JKB-23-02973, ECF No. 41) is GRANTED, and Civ. No. JKB-22-00566 and Civ. No. JKB-23-02973 are CONSOLIDATED;

2. Civ. No. 22-00566 is DESIGNATED as the lead case; and

3. Within 14 days of this Memorandum and Order, the parties SHALL ADVISE the Court whether they object to the Court's plan to deny all pending motions without prejudice, to vacate all previously set dates and deadlines, and to direct Plaintiff to file a new amended complaint; and if any party does object, that party SHALL SHOW CAUSE, with citation to authority and—if appropriate—a proffer of evidence, why the Court should not implement this plan, and with an alternative proposal for how this consolidated action should proceed.

DATED this 13 day of January, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

4